IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02340-GPG-STV

SPOT BRAND LLC,

    Plaintiff,

v.

GATES CORPORATION,

    Defendant.

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

Scott T. Varholak, United States Magistrate Judge.

As stipulated and requested by Plaintiff and Counterclaim Defendant Spot Brand, LLC and Defendant and Counterclaim Plaintiff Gates Corporation (each one, a "Party"; all together, the "Parties") and each counsel of record in this case, this Stipulated Protective Order and Confidential Agreement (the "Protective Order") concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. In this action, the Parties or individuals or entities who are not Parties in this case and from whom discovery is sought, either formally or informally, by a Party in this case ("Third Party") has sought and/or is seeking Confidential Information (as defined below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the

1

scope of this litigation could result in significant injury to one or more of the Parties' or a Third Party's business or privacy interests. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document(s)" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential Information" includes information that is designated either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order.

4. Third Parties producing materials in the course of this litigation may also designate such materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, subject to the same protections and constraints as parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All materials produced by such Third Parties shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for a period of 10 business days from the date of their production to counsel for any of the Parties in this litigation, regardless of the designation on those materials by the Third Party, so that counsel for the Parties may have sufficient time to review the material to determine

whether to assert that the materials contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY of a Party.

5. Information designated as "CONFIDENTIAL" means any document, file, portions of files, transcribed testimony, or response to a discovery request and/or information, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public - and that is (i) information protected from disclosure by statute, (ii) sensitive personal, technical, business, or financial information, (iii) trade secrets, (iv) confidential research, manufacturing, development, proprietary, or commercial information, or (v) documents that the Party or Third Party producing the documents ("Producing Party") in the ordinary course of business does not or would not disclose to a Party except in confidence, or has undertaken to maintain in confidence, and/or is under a preexisting obligation to maintain as confidential or private — and designated by one of the Parties or a Third Party in the manner provided below. Information, however designated, is not CONFIDENTIAL if the information (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the receiving Party or violation of law; (b) is acquired by the receiving Party from a Third Party not owing a duty of confidentiality to the Party producing the documents to the other side; (c) before receipt from the Producing Party, was lawfully possessed by the receiving Party without a duty of confidentiality to the Producing Party; (d) is disclosed by the Producing Party to a Third Party not owing a duty of confidentiality to the Producing Party, subject to Fed. R. Civ. P. 26(b)(5)(B); (e) is independently developed by the receiving Party; (f) was disclosed to the receiving Party by the Producing Party prior to

entry of this Protective Order without a duty of confidentiality to the Producing Party; or (g) is disclosed by the receiving Party with the Producing Party's prior written approval.

6. Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means any document, file, portions of files, transcribed testimony, or response to a discovery request and/or information, including any extract, abstract, chart, summary, note, or copy made therefrom which contains extremely sensitive Confidential Information the disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

7. Where Confidential Information is produced, provided, or otherwise disclosed by a Party or Third Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the first page or cover of any document produced;

    b. By imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" next to the information; or above any response to a discovery request; and

    c. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition

whenever possible, but a Party or Third Party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days (30) after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL Information until the thirty-day period has expired.

8. Information designated as CONFIDENTIAL shall not, without the consent of the designating Party or Third Party or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   b. the Parties, including their designated representatives and counsel;

   c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

   d. the Court and its employees ("Court Personnel") and the jury at trial;

   e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

5

      f. outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the Parties or their counsel utilize to assist in this action;

      g. deponents, witnesses, or potential witnesses;

      h. anyone as otherwise required by law; and

      i. other persons by written agreement of the Parties.

9. Documents designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under the terms of this Protective Order may not be disclosed by receiving counsel to any Party or Third Party except as set forth in subparagraphs (a) - (i) below. Under no circumstances may any of the individuals set forth in subparagraphs (a) - (i) below disclose HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designated Documents to any other individuals not listed. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY pursuant to this Protective Order:

      a. outside counsel of record in this case ("Outside Counsel");

      b. the Parties' designated in-house counsel;

      c. independent contractor lawyers and staff members hired by Outside Counsel to assist in this action and then only after independent contractor lawyer and/or staff member to whom disclosure is to be made acknowledges and agrees to be bound by the terms of Exhibit A hereto;

      d. court reporters engaged for depositions, hearings and other official proceedings relating to this case;

  e. experts who are bound by this Protective Order;

  f. professional translators engaged by counsel or the Court to translate confidential documents;

  g. outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the Parties or their counsel utilize to assist in this action;

  h. any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information;

  i. the court in which this case is pending, and its staff; and

  j. other persons only upon consent of the Producing Party or upon order of the court and on such conditions as are agreed to or ordered and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A hereto) that he or she has read and understands the terms of this Protective Order and is bound by it.

  10. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

  11. All Confidential Information provided by a Party or Third Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

12. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

13. Prior to disclosing any Confidential Information to any person identified in sub-paragraphs 7(c) and 8(e) (expert witnesses and consultants) or sub-paragraphs 7(g) or 8(h) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

14. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom.

15. A Party may object to the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by giving written notice to the Producing Party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties, and if necessary a Third Party, shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the Parties, and if necessary a Third Party, cannot resolve the discovery dispute within ten (10) business days after the time the notice is received, the Parties shall jointly contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order. The Party or Third Party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall bear the burden of persuasion in any proceeding challenging the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to show that good cause exists for the material to be so designated.

16. <u>Inadvertent Production of Privileged Material</u>. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), and Federal Rules of Evidence 502(b) and 502(d), if a

Party inadvertently produces or provides discovery that, in whole or in part, it believes is privileged or otherwise immune from discovery pursuant to the attorney-client privilege, the work product doctrine, joint defense/common interest privilege, or other applicable privilege, or protection or immunity from disclosure, the inadvertent production is not and will not automatically be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity, or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. The Producing Party making the claim of privilege, immunity, or protection may notify the receiving Party or Parties in writing of the claim and the basis for it, must identify the document by Bates number, and explain the facts and circumstances surrounding the inadvertent production. Immediately upon receiving such a notice, the receiving Party or Parties shall make no further use of the alleged privileged material, or information gleaned from any inadvertently produced materials, and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents. Within five (5) business days of receiving such notice, the receiving Party or Parties must return or destroy the specified information and any copies it has; must not use or disclose the information until the claim of privilege, immunity, or protection is resolved; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified. Within five (5) business days after giving such notice of inadvertent production, the Producing Party will provide a privilege log specific to such documents to the receiving Party. Disputes relating to an inadvertent production may be brought to Court but the Parties or a Third Party shall comply with the discovery dispute process set

forth in D.C.COLO.MJ VI. If such Court intervention is sought, the allegedly privileged material shall still be treated as privileged until the Court enters a ruling. If Court intervention pursuant to D.C.COLO.MJ VI. is not sought, the material shall continue to be treated as privileged.

17. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, the Party seeking to file the Producing Party's designated information shall not quote or summarize the designated information in a publicly accessible or filed document; but rather, shall be required by this Protective Order to file a redacted public version. Any Party or Third Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must move the Court for an order that such information and/or documents be filed under filing restrictions in accordance with the procedures set forth in the Local Rules of the United States District Court for the District of Colorado. During the pendency of the motion for filing restrictions, such designated information shall not lose its confidential status as designated by the Producing Party. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be kept out of the public record in this action, except by court order granting the motion for filing restrictions filed by the Party or Third Party seeking to include the confidential information in a court filing. Any such motion shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602

(1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

18. By agreeing to the entry of this Protective Order, the Parties or a Third Party adopt no position as to the authenticity or admissibility of documents produced subject to it.

19. Nothing in this Protective Order shall preclude any Party or Third Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

20. Unless other arrangements are agreed upon in writing by the Parties or a Third Party, within sixty (60) days of the final determination of this action, each person or Party who has received Confidential Information shall be obligated to return the Confidential Information, including all extracts, abstracts, charts, summaries, notes or copies made therefrom, to the designating Producing Party, or the receiving Party may elect to destroy the Confidential Information, including any copies, and certify that it has been destroyed. The receiving Party, however, need not destroy or return (a) any Confidential Information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to Confidential Information.

21. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential

Information pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

22. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

**SO ORDERED**

DATED this \_\_\_20\_\_ day of \_\_\_\_December\_\_\_\_ 2024.

By the Court

Scott T. Varholak
United States Magistrate Judge

13

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and Confidentiality Agreement that was issued by the United States District Court for the District of Colorado on [date] in the case of Spot Brand LLC v. Gates Corporation., Case No. 1:24-cv-02340-GPG-STV. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and Confidentiality Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order and Confidentiality Agreement to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order and Confidentiality Agreement.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

14