FEDAPP,JD1,MJ CIV PP,NDISPO,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:24−cv−02340−GPG−STV

| | |
|---|---|
| Spot Brand LLC v. Gates Corporation | Date Filed: 08/23/2024 |
| Assigned to: District Judge Gordon P Gallagher | Date Terminated: 09/11/2025 |
| Referred to: Magistrate Judge Scott T. Varholak | Jury Demand: Both |
| Case in other court:  Denver County District Court, 2024CV032348 | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Federal Question |

Cause: 28:1331 Fed. Question: Breach of Contract

**Plaintiff**

| | | |
|---|---|---|
| **Spot Brand LLC** | represented by | **Andrew Michael Unthank** |

> **Andrew Michael Unthank**
> Wheeler Trigg O'Donnell LLP
> 370 17th Street
> Suite 4500
> Denver, CO 80202−5647
> 303−244−1897
> Fax: 303−244−1879
> Email: unthank@wtotrial.com
> *ATTORNEY TO BE NOTICED*
>
> **Dario Machleidt**
> Kilpatrick Townsend & Stockton LLP
> 1420 Fifth Avenue
> Suite 3700
> Seattle, WA 98101
> 206−497−9600
> Email: dmachleidt@ktslaw.com
> *ATTORNEY TO BE NOTICED*
>
> **Meghan Frei Berglind**
> Wheeler Trigg O'Donnell LLP
> 370 17th Street
> Suite 4500
> Denver, CO 80202−5647
> 303−244−1800
> Fax: 303−244−1879
> Email: berglind@wtotrial.com
> *ATTORNEY TO BE NOTICED*
>
> **Michael Timothy Williams**
> Wheeler Trigg O'Donnell LLP
> 370 17th Street
> Suite 4500
> Denver, CO 80202−5647
> 303−244−1867
> Fax: 303−244−1879
> Email: williams@wtotrial.com

1

*ATTORNEY TO BE NOTICED*

**Sarah E. Graves**
Wheeler Trigg O'Donnell LLP
370 17th Street
Suite 4500
Denver, CO 80202–5647
303–244–1911
Email: graves@wtotrial.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Gates Corporation**                     represented by   **Clement Asante**
Polsinelli PC
1401 Lawrence Street
Suite 2300
Denver, CO 80202
303–583–8279
Email: casante@polsinelli.com
*ATTORNEY TO BE NOTICED*

**Gregory P. Durbin**
Polsinelli PC
1401 Lawrence Street
Suite 2300
Denver, CO 80202
303–572–9300
Email: gdurbin@polsinelli.com
*ATTORNEY TO BE NOTICED*

**Richard Maxton Murray**
Polsinelli PC
1401 Lawrence Street
Suite 2300
Denver, CO 80202
303–583–8242
Fax: 303–942–3970
Email: rmurray@polsinelli.com
*ATTORNEY TO BE NOTICED*

**Michael Patrick Dulin**
Greenberg Traurig LLP
1144 15th Street
Suite 3300
Denver, CO 80202
303–572–6500
Fax: 303–572–6540
Email: michael.dulin@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **Gates Corporation** | represented by | **Gregory P. Durbin** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michael Patrick Dulin** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Spot Brand LLC** | represented by | **Andrew Michael Unthank** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Meghan Frei Berglind** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michael Timothy Williams** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Sarah E. Graves** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2024 | 1 | NOTICE OF REMOVAL by Gates Corporation from Denver County District Court, Case Number 2024CV032348. (Filing fee $ 405, Receipt Number ACODC−9840106), filed by Gates Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit B)(Dulin, Michael) (Entered: 08/23/2024) |
| 08/23/2024 | 2 | FIRST AND FINAL NOTICE TO ALL ATTORNEY(S) AND UNREPRESENTED PARTIES IN REMOVED, TRANSFERRED, OR OTHER CASES. To receive any further notice in a case removed or transferred to this court, or special matters including discovery disputes, bankruptcy appeals, or withdrawals of reference, Multi−district litigation (MDL), etc., all attorneys and unrepresented parties must enter an appearance under D.C.COLO.LAttyR 5(a). An attorney must be an active member of this court's bar and be in good standing in accordance with D.C.COLO.LAttyR 3. A waiver of the fee for bar admission may apply in limited situations. (Text Only Entry) (agryan) (Entered: 08/23/2024) |
| 08/23/2024 | 3 | COMPLAINT and Jury Demand against Gates Corporation, filed by Spot Brand LLC.(agryan) (Entered: 08/23/2024) |
| 08/23/2024 | 4 | AFFIDAVIT of Service of Complaint, Summons, Cover Sheet, SOS Summary upon Gates Corporation on 8/2/2024 (agryan) (Entered: 08/23/2024) |

| 08/23/2024 | 5 | ANSWER to 3 Complaint, Affirmative Defenses, and COUNTERCLAIMS against Spot Brand LLC by Gates Corporation.(agryan) (Entered: 08/23/2024) |
|---|---|---|
| 08/23/2024 | 6 | Case assigned to Magistrate Judge Scott T. Varholak. Text Only Entry. (agryan) (Entered: 08/23/2024) |
| 08/23/2024 | 7 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (agryan) (Entered: 08/23/2024) |
| 08/23/2024 | 8 | NOTICE re 1 Notice of Removal, *NOTICE OF STATE COURT FILINGS* by Defendant Gates Corporation (Attachments: # 1 Appendix Complaint, # 2 Appendix Civil Case Cover Sheet, # 3 Appendix Summons, # 4 Appendix Webex Procedures, # 5 Appendix Pre–Trial Order, # 6 Appendix Delay Reduction Order, # 7 Appendix Affidavit of Service, # 8 Appendix Certificate of Compliance, # 9 Appendix Entry of Appearance, # 10 Appendix Answer)(Dulin, Michael) (Entered: 08/23/2024) |
| 08/23/2024 | 9 | NOTICE of Entry of Appearance by Clement Asante on behalf of Gates CorporationAttorney Clement Asante added to party Gates Corporation(pty:dft) (Asante, Clement) (Entered: 08/23/2024) |
| 08/23/2024 | 10 | NOTICE of Entry of Appearance by Richard Maxton Murray on behalf of Gates CorporationAttorney Richard Maxton Murray added to party Gates Corporation(pty:dft) (Murray, Richard) (Entered: 08/23/2024) |
| 08/23/2024 | 11 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Gates Industrial Corporation PLC for Gates Corporation. (Dulin, Michael) (Entered: 08/23/2024) |
| 08/26/2024 | 12 | ORDER Setting Deadline for Filing Election Concerning Consent/Non–Consent to Magistrate Jurisdiction Form and Setting Scheduling Conference by Magistrate Judge Scott T. Varholak on 8/26/2024. Consent Form due by **10/8/2024**. Proposed Scheduling Order due **10/15/2024**. Scheduling Conference set for **10/22/2024 09:45 AM** in Courtroom A 402 before Magistrate Judge Scott T. Varholak. (schap, ) (Entered: 08/26/2024) |
| 08/26/2024 | 13 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Gates Industrial Corporation PLC for Gates Corporation. (Dulin, Michael) (Entered: 08/26/2024) |
| 08/28/2024 | 14 | NOTICE of Entry of Appearance by Andrew Michael Unthank on behalf of Spot Brand LLCAttorney Andrew Michael Unthank added to party Spot Brand LLC(pty:pla), Attorney Andrew Michael Unthank added to party Spot Brand LLC(pty:cd) (Unthank, Andrew) (Entered: 08/28/2024) |
| 08/28/2024 | 15 | NOTICE of Entry of Appearance by Michael Timothy Williams on behalf of Spot Brand LLCAttorney Michael Timothy Williams added to party Spot Brand LLC(pty:pla), Attorney Michael Timothy Williams added to party Spot Brand LLC(pty:cd) (Williams, Michael) (Entered: 08/28/2024) |
| 08/28/2024 | 16 | NOTICE of Entry of Appearance by Sarah E. Graves on behalf of Spot Brand LLCAttorney Sarah E. Graves added to party Spot Brand LLC(pty:pla), Attorney Sarah E. Graves added to party Spot Brand LLC(pty:cd) (Graves, Sarah) (Entered: 08/28/2024) |
| 08/28/2024 | 17 | |

4

| | | NOTICE of Entry of Appearance by Meghan Frei Berglind on behalf of Spot Brand LLCAttorney Meghan Frei Berglind added to party Spot Brand LLC(pty:pla), Attorney Meghan Frei Berglind added to party Spot Brand LLC(pty:cd) (Berglind, Meghan) (Entered: 08/28/2024) |
|---|---|---|
| 08/28/2024 | 18 | CONSENT to Jurisdiction of Magistrate Judge by Counter Claimant Gates Corporation, Defendant Gates Corporation All parties do not consent.. (Dulin, Michael) (Entered: 08/28/2024) |
| 08/28/2024 | 19 | CASE REASSIGNED Pursuant to 18 Consent to Jurisdiction of Magistrate Judge. Case randomly reassigned to District Judge Gordon P Gallagher and drawn to Magistrate Judge Scott T. Varholak. All parties do not consent. All future pleadings should be designated as **24–cv–02340–GPG**. (Text Only Entry) (schap, ) (Entered: 08/28/2024) |
| 08/28/2024 | 20 | ORDER REFERRING CASE to Magistrate Judge Scott T. Varholak. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other specifically–referred motions, and (4) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. By District Judge Gordon P Gallagher on 8/28/2024. Text Only Entry (schap, ) (Entered: 08/28/2024) |
| 08/30/2024 | 21 | STIPULATION for Extension of Time to Answer or Respond to the Complaint *(Stipulation for Extension of Time to Respond to Gates Corporation's Counterclaims)* by Plaintiff Spot Brand LLC, Counter Defendant Spot Brand LLC. Spot Brand LLC answer due 9/23/2024. (Attachments: # 1 Proposed Order (PDF Only))(Unthank, Andrew) (Entered: 08/30/2024) |
| 09/23/2024 | 22 | MOTION to Dismiss for Failure to State a Claim *Motion To Dismiss Counterclaims* by Plaintiff Spot Brand LLC. (Graves, Sarah) (Entered: 09/23/2024) |
| 09/23/2024 | 23 | MOTION to Remand to State Court by Plaintiff Spot Brand LLC. (Graves, Sarah) (Entered: 09/23/2024) |
| 10/09/2024 | 24 | Stipulated MOTION for Leave to File Excess Pages *for Responses to Motion to Dismiss Counterclaims [Dkt. 22] and Motion to Remand [Dkt. 23]* by Counter Claimant Gates Corporation, Defendant Gates Corporation. (Attachments: # 1 Proposed Order (PDF Only))(Dulin, Michael) (Entered: 10/09/2024) |
| 10/09/2024 | 25 | MINUTE ORDER re: 24 Motion for Leave to File Excess Pages is GRANTED. Gates is afforded permission to file its response to the Motion to Dismiss of up to twenty–five (25) pages and its response to the Motion to Remand of up to (20) twenty pages. SO ORDERED by District Judge Gordon P Gallagher on 10/9/2024. Text Only Entry(sphil, ) (Entered: 10/10/2024) |

| 10/15/2024 | 26 | RESPONSE to 22 MOTION to Dismiss for Failure to State a Claim *Motion To Dismiss Counterclaims* filed by Counter Claimant Gates Corporation, Defendant Gates Corporation. (Dulin, Michael) (Entered: 10/15/2024) |
|---|---|---|
| 10/15/2024 | 27 | MOTION to Stay *Temporarily, Discovery* by Plaintiff Spot Brand LLC. (Attachments: # 1 Exhibit 1 – 2024.10.03 – Defendant's First Set of Interrogatories to Plaintiff, # 2 Exhibit 2 – 2024.10.03 – Defendant's First Set of Requests for Production to Plaintiff)(Berglind, Meghan) (Entered: 10/15/2024) |
| 10/15/2024 | 28 | RESPONSE to 23 MOTION to Remand to State Court filed by Counter Claimant Gates Corporation, Defendant Gates Corporation. (Dulin, Michael) (Entered: 10/15/2024) |
| 10/15/2024 | 29 | MEMORANDUM regarding 27 MOTION to Stay *Temporarily, Discovery* filed by Spot Brand LLC. Motion referred to Magistrate Judge Scott T. Varholak by District Judge Gordon P Gallagher on 10/15/2024. Text Only Entry (dclem) (Entered: 10/15/2024) |
| 10/15/2024 | 30 | MINUTE ORDER This matter is before the Court on 27 Spot Brand LLC's Motion to Temporarily Stay Discovery (the "Motion to Stay"). The Court sets the following expedited briefing schedule: Defendant shall respond to the Motion to Stay on or before 10/29/2024, and Plaintiff may then file a reply on or before 11/5/2024. A Motion Hearing re: the Motion to Stay is set for 11/19/2024 at 2:00 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. The Scheduling Conference set for 10/22/2024, and associated deadlines, are VACATED to be reset, if necessary, after resolution of the Motion to Stay. SO ORDERED, by Magistrate Judge Scott T. Varholak on 10/15/2024. Text Only Entry (stvlc5, ) (Entered: 10/15/2024) |
| 10/24/2024 | 31 | NOTICE of Entry of Appearance by Gregory P. Durbin on behalf of Gates CorporationAttorney Gregory P. Durbin added to party Gates Corporation(pty:cc), Attorney Gregory P. Durbin added to party Gates Corporation(pty:dft) (Durbin, Gregory) (Entered: 10/24/2024) |
| 10/25/2024 | 32 | REPLY to Response to 23 MOTION to Remand to State Court filed by Plaintiff Spot Brand LLC. (Unthank, Andrew) (Entered: 10/25/2024) |
| 10/25/2024 | 33 | Stipulated MOTION for Leave to File Excess Pages *Plaintiffs Stipulated Motion To Exceed The Page Limit For Its Reply In Support Of Motion To Dismiss Counterclaims [ECF 22]* by Plaintiff Spot Brand LLC. (Attachments: # 1 Proposed Order (PDF Only))(Unthank, Andrew) (Entered: 10/25/2024) |
| 10/28/2024 | 34 | ORDER granting 33 Stipulated Motion for Leave to File Excess Pages. The Court Orders that Plaintiff Spot Brand LLC (Spot) shall have permission to exceed the ten–page limit by an additional five pages for its reply in support of its Motion to Dismiss Counterclaims [ECF 22]. By District Judge Gordon P Gallagher on October 28, 2024. Text Only Entry(gpglc3) (Entered: 10/28/2024) |
| 10/29/2024 | 35 | RESPONSE to 27 MOTION to Stay *Temporarily, Discovery* filed by Defendant Gates Corporation. (Attachments: # 1 Exhibit A – Proposed Scheduling Order, # 2 Exhibit B – Articles)(Dulin, Michael) (Entered: 10/29/2024) |
| 10/29/2024 | 36 | REPLY to Response to 22 MOTION to Dismiss for Failure to State a Claim *Motion To Dismiss Counterclaims Reply In Support Of Motion To Dismiss Counterclaims* filed by Plaintiff Spot Brand LLC. (Attachments: # 1 Exhibit 1)(Unthank, Andrew) (Entered: 10/29/2024) |

| 11/05/2024 | 37 | REPLY to Response to 27 MOTION to Stay *Temporarily, Discovery Plaintiffs Reply In Support Of Its Motion To Temporarily Stay Discovery [Dkt 27]* filed by Plaintiff Spot Brand LLC. (Unthank, Andrew) (Entered: 11/05/2024) |
|---|---|---|
| 11/13/2024 | 38 | Unopposed MOTION for Leave to *File Surreply to* 36 Reply to Response to Motion, by Defendant Gates Corporation. (Attachments: # 1 Exhibit A – Defendants Surreply to Reply in Support of Motion to Dismiss Counterclaims [Dkt. 36], # 2 Proposed Order (PDF Only))(Dulin, Michael) (Entered: 11/13/2024) |
| 11/14/2024 | 39 | ORDER granting 38 Defendant's Unopposed Motion for Leave to File Surreply to Reply in Support of Motion to Dismiss Counterclaims. The Court finds that there is good cause to permit Defendant to file its proposed surreply. Accordingly, Defendants motion for leave to file a surreply is GRANTED. Defendant may file the proposed surreply that is attached to its motion as Exhibit A. By District Judge Gordon P Gallagher on 11/14/2024. Text Only Entry(sphil, ) (Entered: 11/14/2024) |
| 11/14/2024 | 40 | SURREPLY re 22 MOTION to Dismiss for Failure to State a Claim *Motion To Dismiss Counterclaims* filed by Defendant Gates Corporation. (Attachments: # 1 Exhibit A – Scurlock Declaration)(Dulin, Michael) (Entered: 11/14/2024) |
| 11/19/2024 | 41 | COURTROOM MINUTES for Motion Hearing held on 11/19/2024 before Magistrate Judge Scott T. Varholak: denying 27 Motion to Stay. Scheduling Conference set for **12/12/2024 at 09:00 AM** in Courtroom A 402 before Magistrate Judge Scott T. Varholak. Proposed Scheduling Order due **12/5/2024**. FTR: A402. (msmot, ) (Entered: 11/19/2024) |
| 11/22/2024 | 42 | TRANSCRIPT of MOTION HEARING held on 11/19/2024 before Magistrate Judge Varholak. Pages: 1–21. Prepared by: AB Litigation Services (303–629–8534). **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 11/22/2024) |
| 12/05/2024 | 43 | Proposed Scheduling Order by Defendant Gates Corporation. (Dulin, Michael) (Entered: 12/05/2024) |
| 12/05/2024 | 44 | Unopposed MOTION for Leave to Appear *By Telephone For Scheduling Conference On December 12 [ECF 41]* by Plaintiff Spot Brand LLC. (Attachments: # 1 Proposed Order (PDF Only))(Unthank, Andrew) (Entered: 12/05/2024) |
| 12/06/2024 | 45 | MEMORANDUM regarding 44 Unopposed MOTION for Leave to Appear *By Telephone For Scheduling Conference On December 12 [ECF 41]* filed by Spot Brand LLC. Motion referred to Magistrate Judge Scott T. Varholak by District Judge Gordon P Gallagher on 12/06/2024. Text Only Entry (dclem) (Entered: 12/06/2024) |
| 12/06/2024 | 46 | ORDER granting 44 Unopposed Motion for Leave to Appear by Telephone. All parties that wish to participate in the Scheduling Conference set for 12/12/2024 in Courtroom A 402 before Magistrate Judge Scott T. Varholak by telephone shall do so by calling 571–353–2301 at the scheduled time and utilizing Meeting ID: |

| | | 252821415#. The participants may hear the conclusion of a prior hearing at the time they call in and are instructed to simply wait until their case is called. SO ORDERED, by Magistrate Judge Scott T. Varholak on 12/6/2024. Text Only Entry(stvlc5, ) (Entered: 12/06/2024) |
|---|---|---|
| 12/11/2024 | 47 | NOTICE of Entry of Appearance by Dario Machleidt on behalf of Spot Brand LLCAttorney Dario Machleidt added to party Spot Brand LLC(pty:pla) (Machleidt, Dario) (Entered: 12/11/2024) |
| 12/12/2024 | 48 | MINUTE ENTRY for Scheduling Conference held before Magistrate Judge Scott T. Varholak on 12/12/2024. Status Conference set for **12/10/2025 09:00 AM** in Courtroom A 402 before Magistrate Judge Scott T. Varholak. FTR: A402. (schap, ) (Entered: 12/12/2024) |
| 12/12/2024 | 49 | SCHEDULING ORDER by Magistrate Judge Scott T. Varholak on 12/12/2024. (schap, ) (Entered: 12/12/2024) |
| 12/13/2024 | 50 | TRANSCRIPT of SCHEDULING CONFERENCE held on 12/12/2024 before Magistrate Judge Varholak. Pages: 1–8. Prepared by: AB Litigation Services (303−629−8534).<br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 12/13/2024) |
| 12/18/2024 | 51 | Joint MOTION for Protective Order *(Stipulated Protective Order and Confidentiality Agreement)* by Defendant Gates Corporation. (Attachments: # 1 Stipulated Protective Order and Confidentiality Agreement)(Dulin, Michael) (Entered: 12/18/2024) |
| 12/19/2024 | 52 | MEMORANDUM regarding 51 Joint MOTION for Protective Order *(Stipulated Protective Order and Confidentiality Agreement)* filed by Gates Corporation. Motion referred to Magistrate Judge Scott T. Varholak by District Judge Gordon P Gallagher on 12/19/2024. Text Only Entry (dclem) (Entered: 12/19/2024) |
| 12/20/2024 | 53 | ORDER granting 51 Joint Motion for Protective Order. The Court will enter the protective order proposed by the parties. SO ORDERED, by Magistrate Judge Scott T. Varholak on 12/20/2024. Text Only Entry(stvlc6, ) (Entered: 12/20/2024) |
| 12/20/2024 | 54 | STIPULATED PROTECTIVE ORDER and CONFIDENTIALITY AGREEMENT by Magistrate Judge Scott T. Varholak on 12/20/2024. (sphil, ) (Entered: 12/20/2024) |
| 02/20/2025 | 55 | NOTICE of Change of Address/Contact Information *and Firm Affiliation* by Michael Patrick Dulin (Dulin, Michael) (Entered: 02/20/2025) |
| 03/14/2025 | 56 | Stipulated MOTION to Amend/Correct/Modify 49 Scheduling Order *(also filed on behalf of Plaintiff)* by Defendant Gates Corporation. (Attachments: # 1 Proposed Order (PDF Only))(Murray, Richard) (Entered: 03/14/2025) |
| 03/16/2025 | 57 | MEMORANDUM regarding 56 Stipulated MOTION to Amend/Correct/Modify 49 Scheduling Order (also filed on behalf of Plaintiff) filed by Gates Corporation. |

8

| | | |
|---|---|---|
| | | Motions referred to Magistrate Judge Scott T. Varholak.By District Judge Gordon P Gallagher on March 16, 2025. Text Only Entry. (gpglc3) (Entered: 03/16/2025) |
| 03/17/2025 | 58 | ORDER granting 56 Stipulated Motion to Amend Scheduling Order. For good cause shown, certain deadlines are EXTENDED as follows: Exchange List of Claim Terms to be Construed: May 19, 2025; Joint Disputed Claim Terms Chart to be Filed: June 16, 2025; Opening Claim Construction Briefs: July 14, 2025; Responses to Opening Claim Construction Briefs: August 4, 2025; Month of Claim Construction: October, 2025. SO ORDERED, by Magistrate Judge Scott T. Varholak on 3/17/25. Text Only Entry(stvlc5, ) (Entered: 03/17/2025) |
| 03/17/2025 | 59 | MINUTE ORDER This matter is before the Court upon communication with the parties. The Court sets a Discovery Hearing for 4/2/2025 at 02:00 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. **On or before 3/28/2025**, the parties shall submit via email to Varholak_Chambers@cod.uscourts.gov a brief joint statement that sets forth the issues to be resolved by the Court and the parties' respective positions on each issue. SO ORDERED, by Magistrate Judge Scott T. Varholak on 3/17/2025. Text Only Entry (stvlc6, ) (Entered: 03/17/2025) |
| 03/27/2025 | 60 | Unopposed MOTION to Amend/Correct/Modify *Defendant's Invalidity Contentions* by Defendant Gates Corporation. (Attachments: # 1 Exhibit A – Machine Translation, # 2 Exhibit B – Human Translation, # 3 Exhibit C – Redline Between Machine and Human Translation, # 4 Proposed Order (PDF Only))(Asante, Clement) (Entered: 03/27/2025) |
| 03/27/2025 | 61 | MEMORANDUM regarding 60 Unopposed MOTION to Amend/Correct/Modify *Defendant's Invalidity Contentions* filed by Gates Corporation. Motion referred to Magistrate Judge Scott T. Varholak by District Judge Gordon P Gallagher on 03/27/2025. Text Only Entry (dclem) (Entered: 03/27/2025) |
| 03/27/2025 | 62 | ORDER granting Defendant's 60 Unopposed Motion for Leave to Amend Invalidity Contentions. Defendant shall serve its Invalidity Contentions and accompanying charts on Plaintiff within seven (7) days of this Order. SO ORDERED, by Magistrate Judge Scott T. Varholak on 3/27/25. Text Only Entry(stvlc5, ) (Entered: 03/27/2025) |
| 04/02/2025 | 63 | MINUTE ENTRY for Discovery Hearing held before Magistrate Judge Scott T. Varholak on 4/2/2025. FTR: A402. (schap, ) (Entered: 04/02/2025) |
| 04/14/2025 | 64 | TRANSCRIPT of DISCOVERY HEARING held on 04/02/2025 before Magistrate Judge Varholak. Pages: 1–18. Prepared by: AB Litigation Services (303–629–8534 or 303–629–8503). <br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br> Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 04/14/2025) |
| 06/16/2025 | 65 | Joint Disputed Claim Terms Chart of 58 Order on Motion to Amend/Correct/Modify,, 49 Scheduling Order .Claim Construction Brief due 7/17/2025 (Attachments: # 1 Exhibit Exhibit A)(Dulin, Michael) (Entered: 06/16/2025) |

| 06/23/2025 | 66 | Stipulated MOTION to Amend/Correct/Modify 58 Order on Motion to Amend/Correct/Modify,, *Scheduling Order* by Defendant Gates Corporation. (Attachments: # 1 Proposed Order (PDF Only))(Murray, Richard) (Entered: 06/23/2025) |
| --- | --- | --- |
| 06/23/2025 | 67 | MEMORANDUM regarding 66 Stipulated MOTION to Amend/Correct/Modify 58 Order on Motion to Amend/Correct/Modify, *Scheduling Order* filed by Gates Corporation. Motion referred to Magistrate Judge Scott T. Varholak by District Judge Gordon P Gallagher on 06/23/2025. Text Only Entry (dclem) (Entered: 06/23/2025) |
| 06/23/2025 | 68 | ORDER granting 66 Second Stipulated Motion to Amend Scheduling Order. For good cause shown, the deadline to file a Reply in Support of Opening Claim Construction Brief is EXTENDED to 8/11/2025. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/23/2025. Text Only Entry(stvlc5, ) (Entered: 06/23/2025) |
| 07/01/2025 | 69 | NOTICE *Spot Brand LLCs Notice Of Service Of Non–Party Subpoenas* by Plaintiff Spot Brand LLC (Attachments: # 1 Affidavit of Service of Subpoenas on Bianchi USA Inc. with Attachments 06–30–2025, # 2 Affidavit of Service of Subpoenas on James Evan Porter_ President of Soma Fabrications with Attachments 06–30–20252), # 3 Affidavit of Service of Subpoenas on Luna Cycles LLC with Attachments 06–28–2025, # 4 Affidavit of Service of Subpoenas on Trek Bicycle Corporation with Attachments 07–01–2025)(Berglind, Meghan) (Entered: 07/01/2025) |
| 07/14/2025 | 70 | Claim Construction Brief . Response due by 8/4/2025 (Attachments: # 1 Exhibit A – US7854441, # 2 Exhibit B – Email, # 3 Exhibit C – Detailed Action)(Murray, Richard) (Entered: 07/14/2025) |
| 08/04/2025 | 71 | Claim Construction Brief of 70 Claim Construction Brief – *Responsive*. Response due by 8/11/2025 (Berglind, Meghan) (Entered: 08/04/2025) |
| 08/11/2025 | 72 | REPLY to 70 Claim Construction Brief, 71 Claim Construction Brief by Defendant Gates Corporation. (Murray, Richard) (Entered: 08/11/2025) |
| 08/11/2025 | 73 | Joint Motion for Determination by Defendant Gates Corporation. (Murray, Richard) (Entered: 08/11/2025) |
| 09/11/2025 | 74 | ORDER granting in part and denying in part 22 Motion to Dismiss for Failure to State a Claim and granting 23 Motion to Remand to State Court.Entered by District Judge Gordon P Gallagher on 09/11/2025.(dclem) (Entered: 09/11/2025) |
| 09/11/2025 | 75 | FINAL JUDGMENT in favor of Spot Brand LLC against Gates Corporation. Entered by the Clerk on 09/11/2025. (dclem) (Entered: 09/11/2025) |
| 09/12/2025 | 76 | CERTIFICATE of Service, by email, by Clerk of Court, re 74 Order on Motion to Remand to State Court via email to 02sups@judicial.state.co.us. (sphil, ) (Entered: 09/12/2025) |
| 09/24/2025 | 77 | NOTICE OF APPEAL to FEDERAL CIRCUIT as to 75 Judgment, 74 Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Remand to State Court by Defendant Gates Corporation (Filing fee $ 605, Receipt Number ACODC–10574446) (Dulin, Michael) (Entered: 09/24/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-02340-GPG-STV

SPOT BRAND LLC,

      Plaintiff,

v.

GATES CORPORATION,

      Defendant.

---

**ORDER**

---

Before the Court is Spot Brand LLC's Motion to Dismiss Counterclaims (D. 22) and

Plaintiff's Motion to Remand (D. 23). The Court GRANTS in part and DENIES in part the motion

to dismiss and GRANTS the motion to remand for the following reasons.

## I. FACTS

This civil action arises from a contractual dispute between Plaintiff Spot Brand LLC and

Defendant Gates Corporation.[1] Defendant developed a bicycle belt drive system, known as the

Gates Carbon Drive System (CDS), which was designed as a replacement for the standard bicycle

chain (D. 5 at 22 ¶ 12). Plaintiff is a bike manufacturer that invented the "Drop-Out," which allows

continuous belt-drive systems, like Defendant's CDS, to be compatible with bicycle frames (*id.* at

---

[1] The Court draws the operative facts as set forth in Defendant's Answer, Affirmative Defenses, and Counterclaims
(D. 5). The Court recognizes that Gates is also a counter claimant and Spot a counter defendant. However, for purposes
of clarity, the Court will refer to Spot as Plaintiff throughout and Gates as Defendant throughout.

1

22 ¶ 14, 24 ¶ 29).  The parties entered into a Bicycle System Integrator Supply and Distributor Agreement (First Distributor Agreement) on September 21, 2007 (*id.* ¶ 18).  To maximize the potential upside of commercializing their complimentary innovations, Plaintiff and Defendant entered into a Joint License, Distribution and Royalty Agreement (the Drop-Out Agreement) on January 31, 2008 (*id.* ¶ 33).  The Drop-Out Agreement granted Defendant an equal interest in the Drop-Out invention and the anticipated intellectual property rights Plaintiff and Defendant intended to acquire, and partially did acquire, to protect the Drop-Out invention (D. 3 at 27).[2] Pursuant to the Drop-Out Agreement, on March 19, 2008, Defendant filed an application for a patent on the Drop-Out with the United States Patent and Trademark Office (D. 5 ¶ 38).  On December 21, 2010, that application matured into U.S. Patent No. 7,854,441 (the '441 Patent) (*id.*).  Plaintiff assigned a one-half, undivided interest in the '441 Patent to Defendant on February 29, 2008 (the Assignment) (*id.* at 26 ¶ 41).

In early 2009, the Parties realized that the market for the CDS was more complicated than originally thought, so they commenced negotiating a new distributor agreement to reflect what they had learned (*id.* at 26 ¶ 46, 29 ¶ 57).  On June 1, 2009, Plaintiff and Defendant entered into a Bicycle System Supply, Distributor and Development Agreement (Second Distributor Agreement) (*id.* at 29 ¶ 60).  Section 19 of the Second Distributor Agreement contains the following merger clause:

> This Agreement constitutes the entire agreement of the parties relating to the subject matter hereof and supersedes any prior agreements and understandings between the parties, both oral and written, regarding such subject matter. The parties also agree that this Agreement

---

[2] In its Answer, Affirmative Defenses, and Counterclaims, Defendant references several exhibits that do not appear to have been attached.  The Court considers the purportedly same documents attached to Plaintiff's Complaint (D. 3) as incorporated into Defendant's filing.

replaces any prior agreements, understandings, or other written pledges or promises with respect to the relationship of the parties.

(*id.* at 30 ¶ 54).

On July 31, 2024, Plaintiff filed suit in the District Court for the City and County of Denver against Defendant for breach of contract for failing to perform under the Drop-Out Agreement, breach of implied duty of good faith and fair dealing related to the Drop-Out Agreement, accounting, and unjust enrichment (D. 3).  On August 22, 2024, Defendant submitted an Answer asserting affirmative defenses and raising two counterclaims against Plaintiff (D. 5).  First, Defendant seeks a declaration that one or more claims of the '441 Patent are invalid or void for failing to satisfy the novelty and/or non-obvious requirements for patentability as laid out in sections 102 and 103 of Part II of Title 35 of the United States Code (*id.* at 43 ¶ 126). Second, Defendant seeks a declaration that the Drop-Out Agreement was superseded by the Second Distributor Agreement and was therefore terminated on June 1, 2009 (*id.* at 45 ¶ 141).  On August 23, 2024, Defendant filed a notice of removal to the United States District Court for the District of Colorado "on the grounds of federal question jurisdiction, including questions arising out of patent law" (D. 1 at 1).

Plaintiff filed the instant Motion to Dismiss Defendant's Counterclaims on September 23, 2024 (D. 22).  In regard to the '441 Patent, Plaintiff moves that Defendant "cannot seek to invalidate a patent that it was contractually obligated to prosecute, maintain, and protect pursuant to the [Drop-Out] Agreement" (*id.* at 2), and that "[a]s an assignee, [Defendant] is estopped as a matter of law from now seeking to invalidate the ['441] patent in an obvious attempt to avoid its royalty obligations" (*id.*).  In regard to the Drop-Out Agreement, Plaintiff seeks a declaration that the Second Distributor Agreement had no effect on the Drop-Out Agreement (*id.* at 7).

3

Plaintiff also filed the instant Motion to Remand on September 23, 2024, arguing that this Court lacks subject matter jurisdiction over Defendant's counterclaims because this case "is primarily a breach-of-contract action governed by state law" (D. 23).

## II. LEGAL STANDARDS

"[F]ederal courts are tribunals of limited jurisdiction with only those powers conferred by Congress." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys, a Div. of Am. Home Prods. Corp. v. U.S. Dist. Ct. for Dist. of Kansas*, 851 F.2d 321, 324 (10th Cir. 1988)).  Under Federal Rules of Civil Procedure 12(b)(1), a federal court has the power to dismiss or remand an action for lack of subject matter jurisdiction.  "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).  "The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*,

4

478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III. ANALYSIS

First, the Court addresses the subject matter jurisdiction issue raised in Plaintiff's Motion to Remand (D. 23). It finds that this Court has original subject matter jurisdiction over one of Defendant's counterclaims but not the other. The Court then addresses Plaintiff's Motion to Dismiss the counterclaim over which it has original subject matter jurisdiction and dismisses that counterclaim. Because the Court dismisses the only claim it has original jurisdiction over, it declines to address Plaintiff's Motion to Dismiss the remaining counterclaim and remands all remaining claims, including Plaintiff's original claims, to state court.

#### A. This Court's Subject Matter Jurisdiction

As a district court of the United States, this Court has original subject matter jurisdiction over any civil action removed from state court "in which any party asserts a claim for relief arising

5

under any Act of Congress relating to patents." 28 U.S.C. § 1454(a).  In the context of 28 U.S.C. § 1338(a), which contains identical language granting federal district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents," a claim arises under federal patent law if federal law "creates the cause of action" or if the "right to relief necessarily depends on the resolution of a substantial question of federal law."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).

The Court has original subject matter jurisdiction over Defendant's '441 Patent invalidity counterclaim but not its Drop-Out Agreement termination counterclaim.  Defendant's patent invalidity counterclaim arises under an act of Congress relating to patents—whether the patent is valid necessarily depends on whether it met the elements for patentability in 35 U.S.C. §§ 102 and 103.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).  Thus, the counterclaim may be removed to federal district court under 28 U.S.C. § 1454(a).  *See also Lab'y Corp. of Am. Holdings v. Metabolite Lab'ys, Inc.*, 599 F.3d 1277, 1283 (Fed. Cir. 2010) ("[I]ssues of inventorship, infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)." (citing *Bd. of Regents, Univ. of Texas Sys., ex rel. Univ. of Tex. at Austin v. Nippon Tel. & Tel. Corp.,* 414 F.3d 1358, 1363 (Fed. Cir. 2005))).

Defendant's contract counterclaim, on the other hand, presents solely a question of contract interpretation and does not arise under an act of Congress relating to patents.  *See Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1571 (Fed. Cir. 1984) ("[C]ontract disputes involving patents do not arise 'under any Act of Congress relating to patents.'").

6

16

## B. The '441 Patent Validity Claim

Plaintiff argues that Defendant is an assignee and the doctrine of assignee estoppel bars it from contesting the validity of the '441 Patent (D. 22 at 9). Defendant argues that the Supreme Court has invalidated the doctrine of assignee estoppel, and even if it hadn't, Defendant is more akin to a licensee than an assignee, so assignee estoppel would be improper (D. 26 at 4). The Court determines that Defendant is estopped from challenging the validity of the '441 Patent under the doctrine of assignee estoppel and thus fails to state a claim.

### 1. Defendant is an assignee, not a licensee.

"An assignment of patent rights operates to transfer title to the patent, while a license leaves title in the patent owner and transfers something less than full title and rights." *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618 (Fed. Cir. 2016) (citations omitted). To distinguish between "an assignment" and a "mere license," courts "examine whether the agreement transferred all substantial rights to the patent[]." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting *AsymmetRx, Inc. v. Biocare Med., LLC,* 682 F.3d 1314, 1319 (Fed. Cir. 2009)). [3] "This inquiry depends on the substance of what was granted rather than formalities or magic words." *Id.* (citing *Waterman v. Mackenzie,* 138 U.S. 252, 256 (1891)). Historically, the Federal Circuit has placed particular significance "on two salient rights: enforcement and alienation." *Id.* at 1231. *See* e.g. *Intell. Prop. Dev., Inc. v. TCI*

---

[3] Federal Circuit precedent on issues of patent law is binding on district courts nationwide. *See* 21 U.S.C. § 1295(a)(1) (granting the United States Court of Appeals of the Federal Circuit exclusive jurisdiction over appeals from final decisions of district courts arising under any act of Congress relating to patents. However, to the extent the Court's inquiry requires engaging in contract interpretation, the Court applies Colorado law. *See Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed. Cir. 2000) ("General contract interpretation is not within the exclusive jurisdiction of the Federal Circuit); *Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1327 (Fed. Cir. 2002) ("[T]he interpretation of contracts for rights under patents is generally governed by state law.").

*Cablevision of California, Inc.,* 248 F.3d 1333, 1344-1345 (Fed. Cir. 2001) (holding that the transferee did not hold all substantial rights because it was required to obtain consent from the transferor before filing suit or assigning the patent).

In this case, the Assignment indicates Defendant was transferred "an undivided, one-half of the entire right, title, and interest" in the '441 Patent (D. 3 at 22).  A transfer of "an undivided interest in the patent rights" is an assignment.  *See Waterman,* 138 U.S. at 255 ("The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. . . . A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers."); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995).

In addition, the Drop-Out Agreement, which expressed "the Parties desire to define their respective rights, interests and obligations regarding the Drop-Out," clearly expresses the parties' intent for Defendant to have right to file suit in its own name without obtaining the consent of Plaintiff (D. 22 at 16).  It says, "[e]ither party may bring an action for patent infringement during the term of this Agreement in its name individually or jointly with the other Party" (D. 3 at 18).  It also indicates the parties' intent that each party have the right to sell, assign, or otherwise transfer its ownership interest without the consent of the other party, starting sixty months after the execution of the Agreement (*Id.* at 19).  Furthermore, the Agreement granted Defendant the right to "sub-license others to manufacture, have manufactured, use and sell" the Drop-Out (*Id.* at 32).

8

Neither party was required to obtain the consent of the other, only to pay the other an 8% royalty for any products sold by a sublicensee (*Id.* at 17). Such a "virtually unrestricted authority to sublicense" rights indicates "precisely the type of ownership interest . . . found to be consistent with an effective assignment." *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1341 (Fed. Cir. 2006). Finally, the Drop-Out Agreement does not contain any language limiting Defendant's ability to enforce or alienate the patent and does not explicitly reserve any rights for Plaintiff. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) ("In determining whether a grant of *all* substantial rights was intended, it is helpful to look at what rights have been retained by the grantor, not only what was granted."). Therefore, the Assignment and the Drop-Out Agreement show that the Assignment was intended to grant Defendant all substantial rights to the '441 Patent, and Defendant is an assignee.

> 2. *The doctrine of assignee estoppel bars Defendant from attempting to avoid paying royalties by challenging the validity of the '441 Patent.*

"Assignee estoppel is an equitable doctrine which, under appropriate circumstances, bars the assignee of a patent from contesting the validity of the assigned patent." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 113 F. App'x 930, 933 (Fed. Cir. 2004).[4] Although assignee estoppel is a rarely used doctrine, the Federal Circuit has said that "circumstance may warrant application of the doctrine to prevent an assignee from avoiding royalty payments otherwise due under an assignment contract by challenging the validity of the assigned patent." *Id.* (citing *Baladevon, Inc. v. Abbott Labs., Inc.,* 871 F.Supp. 89, 96 (D.Mass. 1994); *Sybron Transition Corp. v. Nixon,* 770 F.Supp.

---

[4] As an unpublished opinion, *Slip Track Systems, Inc.* is not binding; however, lacking other binding case law on the issue of assignee estoppel, the Court considers it instructive.

9

803, 811–12 (W.D.N.Y. 1991)).  District courts have continued to recognize assignee estoppel

even after the Supreme Court abolished the doctrine of licensee estoppel in *Lear v. Adkins*, 395

U.S. 653 (1969), because "the policy consideration[s] which permit a licensee to attack the validity

of a patent are absent in the assignment context."  *Sybron*, 770 F.Supp. at 811.  *See e.g. Baladevon,*

871 F. Supp. 89; *Roberts v. Sears Roebuck & Co.,* 573 F.2d 976 (7th Cir. 1978); *Coast Metals,*

*Inc. v. Cape*, No. 78-276, 1979 WL 25083 (D.N.J. Dec. 24, 1979).

Additionally, the United States Supreme Court recently upheld the doctrine of *assignor*

estoppel on reasons applicable to *assignee* estoppel.  In *Minerva Surgical, Inc. v. Hologic, Inc.*,

the Supreme Court condoned the use of assignor estoppel "when its underlying principle of fair

dealing comes into play."  594 U.S. 559, 576 (2021).  It explained:

> Assignor estoppel, like many estoppel rules, reflects a demand for consistency in dealing
> with others. . . . When a person sells his patent rights, he makes an (at least) implicit
> representation to the buyer that the patent at issue is valid . . . In later raising an invalidity
> defense, the assignor disavows that implied warranty. . . . By saying one thing and then
> saying another, the assignor wants to profit doubly—by gaining both the price of assigning
> the patent and the continued right to use the invention it covers. That course of conduct by
> the assignor strikes us, as it has struck courts for many a year, as unfair dealing—enough
> to outweigh any loss to the public from leaving an invalidity defense to someone other than
> the assignor.

*Id.* at 575.  The Supreme Court further noted that:

> [T]his implicit representation [of a patent's validity] is particularly appropriate given the
> patent law's demand for honesty from patent applicants. In applying for a patent, the
> inventor must ordinarily submit an oath—a statement attesting that he is "the original
> inventor" of the "claimed invention." § 115(b)(2) . . . And the inventor must comply with
> "a duty of candor and good faith" in the patent process, including "a duty to disclose" to
> the PTO all information he knows "to be material to patentability." 37 CFR § 1.56(a)
> (2020); *see* § 1.63(c). An inventor presenting an application to the PTO thus states his
> good-faith belief that his claims are patentable—that they will result in a valid patent.

*Id.* at 575 n.3.

Case 1:24-cv-02340-GPG-STV    Document 73-1    Filed 09/12/25    USDC Colorado

Although Defendant here is an assignee rather than assignor, the Supreme Court's reasons for upholding the doctrine of assignor estoppel are applicable to Defendant. Defendant's conduct in this case appears to the Court to be the exact brand of potential unfair dealing that the Supreme Court sought to discourage in *Minerva*, especially because Defendant was responsible for drafting and filing the application for the patent it now seeks to invalidate (D. 5 at 25 ¶ 37). According to the Drop-Out Agreement, Defendant was contractually obligated to apply for "such patent application(s) as, in its sole discretion, shall be deemed reasonably necessary to protect the Parties rights in the Drop-Out" (D. 5 at 39 ¶ 112). As such, in filing for the '441 Patent, Defendant made a representation to Plaintiff that the patent it drafted was reasonably necessary to protect Plaintiff's rights in the Drop-Out. Because Defendant filed for the Patent, not Plaintiff, Defendant implied a good faith belief that the claims were patentable. *See Minerva* at 575 n.3. Now, arguing that the '441 Patent is invalid, Defendant disavows that the Patent protected Plaintiff's rights at all and attempts to "profit doubly"—it benefitted from sublicensing the Patent for 15 years and now argues it is invalid to get out of paying royalties. *See id.* at 575. Defendant's right to sublicense under the Drop-Out Agreement prevents Plaintiff from directly suing for infringement any third parties who obtained sublicenses through Defendant. Therefore, outside of collecting royalty payments on Defendant's sublicenses, Plaintiff does not have the ability to enforce its patent rights over sublicensees. Without the royalty payments, Plaintiff receives nothing in return for the assignment and use of its patent rights. For these reasons, the equities weigh in favor of estopping Defendant

11

from challenging the validity of the '441 Patent.[5]  Accordingly, the Court dismisses Defendant's counterclaim for failure to state a claim upon which relief can be granted.

### C.  The Remaining Claims

Having disposed of Defendant's federal law counterclaim, the only remaining claims and counterclaims – breach of contract; breach of implied duty of good faith and fair dealing; accounting; unjust enrichment; and contract validity – are brought under state law, which implicates this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), when all the "federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).  Accordingly, the Court grants Plaintiff's Motion to Dismiss and dismisses all of the parties' remaining claims without prejudice for lack of subject-matter jurisdiction.

### IV.  CONCLUSION

Accordingly, Plaintiffs Motion to Remand is GRANTED in part, and Plaintiff's Motion to Dismiss is GRANTED in part and DENIED in part.  It is FURTHER ORDERED that:

1.  Gate's First Counterclaim is DISMISSED and

2.  The Clerk of Court shall REMAND this case to the District Court, City and County of Denver, Colorado.

---

[5] This Court recognizes that while the doctrine of assignor estoppel may be rarely applied at the motion to dismiss stage due to the necessity of weighing proof of inequitable conduct, the doctrine has been recognized for possible use in this context. *See e.g.*, *Warming Trends, LLC v. Stone*, No. 19-CV-03027-PAB-STV, 2021 WL 9937922, at *11-12 (D. Colo. Mar. 31, 2021) (Finding privity but not applying the doctrine of assignor estoppel to an unenforceability counterclaim in the R. 12 context and discussing the need for proof by clear and convincing evidence.).  Under these circumstances, application of the doctrine in a Rule 12 context is appropriate and the proof is sufficient by at least the clear and convincing standard.

12

DATED September 11, 2025.

BY THE COURT:

_____

Gordon P. Gallagher
United States District Judge

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher**

Civil Action No. 24-cv-02340-GPG-STV

SPOT BRAND LLC,

     Plaintiff,

v.

GATES CORPORATION,

     Defendant.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Federal Rule of Civil Procedure 58(a), the following Final Judgment is hereby entered.

Pursuant to the [D. 74] Order entered by Judge Gordon P. Gallagher on September 11, 2025, it is

ORDERED that the Plaintiffs' Motion to Remand [D. 23] is GRANTED. It is

FURTHER ORDERED that Plaintiff's Motion to Dismiss [D. 22] is GRANTED IN PART AND DENIED IN PART. It is

FURTHER ORDERED that the Gates Corporations' First Counterclaim is DISMISSED. It is

FURTHER ORDERED that this case shall be REMANDED to the District Court, City and County of Denver, Colorado.

This case is closed.

Dated at Denver, Colorado this 11<u>th</u> day of September, 2025

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By:   <u>s/D. Clement</u>
        Donald Clement,
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02340-GPG-STV

SPOT BRAND LLC,

       Plaintiff,

   v.

GATES CORPORATION,

       Defendant.

---

## NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

Notice is hereby given that Defendant Gates Corporation ("Gates") hereby appeals to the U.S. Court of Appeals for the Federal Circuit from (i) the September 11, 2025 Final Judgment (Dkt. 75), (ii) the September 11, 2025 Order (Dkt. 74), and any other judgments, orders, or rulings pertinent or ancillary thereto or made appealable on an interlocutory basis by Docket Nos. 74 and 75. All documents referenced herein are attached hereto as **Exhibit A**.

Respectfully submitted this 24th day of September, 2025.

                             *s/Michael P. Dulin*
                             Michael P. Dulin
                             Greenberg Traurig LLP
                             1144 15th Street, Suite 3300
                             Denver, CO 80202
                             (303) 572-6574
                             michael.dulin@gtlaw.com

<div align="center">1</div>

Richard M. Murray
Gregory P. Durbin
Clement A. Asante
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
(303) 572-9300
rmurray@polsinelli.com
gdurbin@polsinelli.com
casante@polsinelli.com

ATTORNEYS FOR DEFENDANT GATES
CORPORATION

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2025, I caused the foregoing to be served via the Court's CM/ECF Electronic E-Filing System upon the following counsel of record:

Andrew M. Unthank
Michael T. Williams
Meghan Frei Berglind
Sarah E. Graves
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
unthank@wtotrial.com
williams@wtotrial.com
berglind@wtotrial.com
graves@wtotrial.com

*Attorneys for Plaintiff Spot Brand LLC*

Dario Machleidt
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
dmachleidt@ktslaw.com

*Attorney for Plaintiff Spot Brand LLC*

*/s/ Jennifer Rehberg*

3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Gordon P. Gallagher

Civil Action No. 24-cv-02340-GPG-STV

SPOT BRAND LLC,

      Plaintiff,

v.

GATES CORPORATION,

      Defendant.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Federal Rule of Civil Procedure 58(a), the following Final Judgment is hereby entered.

Pursuant to the [D. 74] Order entered by Judge Gordon P. Gallagher on September 11, 2025, it is

ORDERED that the Plaintiffs' Motion to Remand [D. 23] is GRANTED. It is

FURTHER ORDERED that Plaintiff's Motion to Dismiss [D. 22] is GRANTED IN PART AND DENIED IN PART. It is

FURTHER ORDERED that the Gates Corporations' First Counterclaim is DISMISSED. It is

FURTHER ORDERED that this case shall be REMANDED to the District Court, City and County of Denver, Colorado.

This case is closed.

Dated at Denver, Colorado this $\underline{11}$<u>th</u> day of September, 2025

<div style="margin-left: 50%;">

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By:   s/D. Clement
        Donald Clement,
        Deputy Clerk

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-02340-GPG-STV

SPOT BRAND LLC,

      Plaintiff,

v.

GATES CORPORATION,

      Defendant.

---

**ORDER**

---

Before the Court is Spot Brand LLC's Motion to Dismiss Counterclaims (D. 22) and

Plaintiff's Motion to Remand (D. 23). The Court GRANTS in part and DENIES in part the motion

to dismiss and GRANTS the motion to remand for the following reasons.

## I. FACTS

This civil action arises from a contractual dispute between Plaintiff Spot Brand LLC and

Defendant Gates Corporation.[1]  Defendant developed a bicycle belt drive system, known as the

Gates Carbon Drive System (CDS), which was designed as a replacement for the standard bicycle

chain (D. 5 at 22 ¶ 12). Plaintiff is a bike manufacturer that invented the "Drop-Out," which allows

continuous belt-drive systems, like Defendant's CDS, to be compatible with bicycle frames (*id.* at

---

[1] The Court draws the operative facts as set forth in Defendant's Answer, Affirmative Defenses, and Counterclaims
(D. 5). The Court recognizes that Gates is also a counter claimant and Spot a counter defendant.  However, for purposes
of clarity, the Court will refer to Spot as Plaintiff throughout and Gates as Defendant throughout.

1

22 ¶ 14, 24 ¶ 29). The parties entered into a Bicycle System Integrator Supply and Distributor Agreement (First Distributor Agreement) on September 21, 2007 (*id.* ¶ 18). To maximize the potential upside of commercializing their complimentary innovations, Plaintiff and Defendant entered into a Joint License, Distribution and Royalty Agreement (the Drop-Out Agreement) on January 31, 2008 (*id.* ¶ 33). The Drop-Out Agreement granted Defendant an equal interest in the Drop-Out invention and the anticipated intellectual property rights Plaintiff and Defendant intended to acquire, and partially did acquire, to protect the Drop-Out invention (D. 3 at 27).[2] Pursuant to the Drop-Out Agreement, on March 19, 2008, Defendant filed an application for a patent on the Drop-Out with the United States Patent and Trademark Office (D. 5 ¶ 38). On December 21, 2010, that application matured into U.S. Patent No. 7,854,441 (the '441 Patent) (*id.*). Plaintiff assigned a one-half, undivided interest in the '441 Patent to Defendant on February 29, 2008 (the Assignment) (*id.* at 26 ¶ 41).

In early 2009, the Parties realized that the market for the CDS was more complicated than originally thought, so they commenced negotiating a new distributor agreement to reflect what they had learned (*id.* at 26 ¶ 46, 29 ¶ 57). On June 1, 2009, Plaintiff and Defendant entered into a Bicycle System Supply, Distributor and Development Agreement (Second Distributor Agreement) (*id.* at 29 ¶ 60). Section 19 of the Second Distributor Agreement contains the following merger clause:

> This Agreement constitutes the entire agreement of the parties relating to the subject matter hereof and supersedes any prior agreements and understandings between the parties, both oral and written, regarding such subject matter. The parties also agree that this Agreement

---

[2] In its Answer, Affirmative Defenses, and Counterclaims, Defendant references several exhibits that do not appear to have been attached. The Court considers the purportedly same documents attached to Plaintiff's Complaint (D. 3) as incorporated into Defendant's filing.

2

replaces any prior agreements, understandings, or other written pledges or promises with respect to the relationship of the parties.

(*id.* at 30 ¶ 54).

On July 31, 2024, Plaintiff filed suit in the District Court for the City and County of Denver against Defendant for breach of contract for failing to perform under the Drop-Out Agreement, breach of implied duty of good faith and fair dealing related to the Drop-Out Agreement, accounting, and unjust enrichment (D. 3).  On August 22, 2024, Defendant submitted an Answer asserting affirmative defenses and raising two counterclaims against Plaintiff (D. 5).  First, Defendant seeks a declaration that one or more claims of the '441 Patent are invalid or void for failing to satisfy the novelty and/or non-obvious requirements for patentability as laid out in sections 102 and 103 of Part II of Title 35 of the United States Code (*id.* at 43 ¶ 126). Second, Defendant seeks a declaration that the Drop-Out Agreement was superseded by the Second Distributor Agreement and was therefore terminated on June 1, 2009 (*id.* at 45 ¶ 141).  On August 23, 2024, Defendant filed a notice of removal to the United States District Court for the District of Colorado "on the grounds of federal question jurisdiction, including questions arising out of patent law" (D. 1 at 1).

Plaintiff filed the instant Motion to Dismiss Defendant's Counterclaims on September 23, 2024 (D. 22).  In regard to the '441 Patent, Plaintiff moves that Defendant "cannot seek to invalidate a patent that it was contractually obligated to prosecute, maintain, and protect pursuant to the [Drop-Out] Agreement" (*id.* at 2), and that "[a]s an assignee, [Defendant] is estopped as a matter of law from now seeking to invalidate the ['441] patent in an obvious attempt to avoid its royalty obligations" (*id.*).  In regard to the Drop-Out Agreement, Plaintiff seeks a declaration that the Second Distributor Agreement had no effect on the Drop-Out Agreement (*id.* at 7).

3

Plaintiff also filed the instant Motion to Remand on September 23, 2024, arguing that this Court lacks subject matter jurisdiction over Defendant's counterclaims because this case "is primarily a breach-of-contract action governed by state law" (D. 23).

## II.  LEGAL STANDARDS

"[F]ederal courts are tribunals of limited jurisdiction with only those powers conferred by Congress." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys, a Div. of Am. Home Prods. Corp. v. U.S. Dist. Ct. for Dist. of Kansas*, 851 F.2d 321, 324 (10th Cir. 1988)).  Under Federal Rules of Civil Procedure 12(b)(1), a federal court has the power to dismiss or remand an action for lack of subject matter jurisdiction.  "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).  "The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*,

4

478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III. ANALYSIS

First, the Court addresses the subject matter jurisdiction issue raised in Plaintiff's Motion to Remand (D. 23). It finds that this Court has original subject matter jurisdiction over one of Defendant's counterclaims but not the other. The Court then addresses Plaintiff's Motion to Dismiss the counterclaim over which it has original subject matter jurisdiction and dismisses that counterclaim. Because the Court dismisses the only claim it has original jurisdiction over, it declines to address Plaintiff's Motion to Dismiss the remaining counterclaim and remands all remaining claims, including Plaintiff's original claims, to state court.

#### A. This Court's Subject Matter Jurisdiction

As a district court of the United States, this Court has original subject matter jurisdiction over any civil action removed from state court "in which any party asserts a claim for relief arising

5

under any Act of Congress relating to patents." 28 U.S.C. § 1454(a).  In the context of 28 U.S.C. § 1338(a), which contains identical language granting federal district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents," a claim arises under federal patent law if federal law "creates the cause of action" or if the "right to relief necessarily depends on the resolution of a substantial question of federal law."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).

The Court has original subject matter jurisdiction over Defendant's '441 Patent invalidity counterclaim but not its Drop-Out Agreement termination counterclaim.  Defendant's patent invalidity counterclaim arises under an act of Congress relating to patents—whether the patent is valid necessarily depends on whether it met the elements for patentability in 35 U.S.C. §§ 102 and 103.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).  Thus, the counterclaim may be removed to federal district court under 28 U.S.C. § 1454(a).  *See also Lab'y Corp. of Am. Holdings v. Metabolite Lab'ys, Inc.*, 599 F.3d 1277, 1283 (Fed. Cir. 2010) ("[I]ssues of inventorship, infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)." (citing *Bd. of Regents, Univ. of Texas Sys., ex rel. Univ. of Tex. at Austin v. Nippon Tel. & Tel. Corp.,* 414 F.3d 1358, 1363 (Fed. Cir. 2005))).

Defendant's contract counterclaim, on the other hand, presents solely a question of contract interpretation and does not arise under an act of Congress relating to patents.  *See Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1571 (Fed. Cir. 1984) ("[C]ontract disputes involving patents do not arise 'under any Act of Congress relating to patents.'").

6

## B. The '441 Patent Validity Claim

Plaintiff argues that Defendant is an assignee and the doctrine of assignee estoppel bars it from contesting the validity of the '441 Patent (D. 22 at 9). Defendant argues that the Supreme Court has invalidated the doctrine of assignee estoppel, and even if it hadn't, Defendant is more akin to a licensee than an assignee, so assignee estoppel would be improper (D. 26 at 4). The Court determines that Defendant is estopped from challenging the validity of the '441 Patent under the doctrine of assignee estoppel and thus fails to state a claim.

### 1. Defendant is an assignee, not a licensee.

"An assignment of patent rights operates to transfer title to the patent, while a license leaves title in the patent owner and transfers something less than full title and rights." *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618 (Fed. Cir. 2016) (citations omitted). To distinguish between "an assignment" and a "mere license," courts "examine whether the agreement transferred all substantial rights to the patent[]." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting *AsymmetRx, Inc. v. Biocare Med., LLC,* 682 F.3d 1314, 1319 (Fed. Cir. 2009)).[3] "This inquiry depends on the substance of what was granted rather than formalities or magic words." *Id.* (citing *Waterman v. Mackenzie,* 138 U.S. 252, 256 (1891)). Historically, the Federal Circuit has placed particular significance "on two salient rights: enforcement and alienation." *Id.* at 1231. *See* e.g. *Intell. Prop. Dev., Inc. v. TCI*

---

[3] Federal Circuit precedent on issues of patent law is binding on district courts nationwide. *See* 21 U.S.C. § 1295(a)(1) (granting the United States Court of Appeals of the Federal Circuit exclusive jurisdiction over appeals from final decisions of district courts arising under any act of Congress relating to patents. However, to the extent the Court's inquiry requires engaging in contract interpretation, the Court applies Colorado law. *See Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed. Cir. 2000) ("General contract interpretation is not within the exclusive jurisdiction of the Federal Circuit); *Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1327 (Fed. Cir. 2002) ("[T]he interpretation of contracts for rights under patents is generally governed by state law.").

*Cablevision of California, Inc.,* 248 F.3d 1333, 1344-1345 (Fed. Cir. 2001) (holding that the transferee did not hold all substantial rights because it was required to obtain consent from the transferor before filing suit or assigning the patent).

In this case, the Assignment indicates Defendant was transferred "an undivided, one-half of the entire right, title, and interest" in the '441 Patent (D. 3 at 22). A transfer of "an undivided interest in the patent rights" is an assignment. *See Waterman,* 138 U.S. at 255 ("The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. . . . A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers."); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995).

In addition, the Drop-Out Agreement, which expressed "the Parties desire to define their respective rights, interests and obligations regarding the Drop-Out," clearly expresses the parties' intent for Defendant to have right to file suit in its own name without obtaining the consent of Plaintiff (D. 22 at 16). It says, "[e]ither party may bring an action for patent infringement during the term of this Agreement in its name individually or jointly with the other Party" (D. 3 at 18). It also indicates the parties' intent that each party have the right to sell, assign, or otherwise transfer its ownership interest without the consent of the other party, starting sixty months after the execution of the Agreement (*Id.* at 19). Furthermore, the Agreement granted Defendant the right to "sub-license others to manufacture, have manufactured, use and sell" the Drop-Out (*Id.* at 32).

8

Neither party was required to obtain the consent of the other, only to pay the other an 8% royalty for any products sold by a sublicensee (*Id.* at 17). Such a "virtually unrestricted authority to sublicense" rights indicates "precisely the type of ownership interest . . . found to be consistent with an effective assignment." *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1341 (Fed. Cir. 2006). Finally, the Drop-Out Agreement does not contain any language limiting Defendant's ability to enforce or alienate the patent and does not explicitly reserve any rights for Plaintiff. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) ("In determining whether a grant of *all* substantial rights was intended, it is helpful to look at what rights have been retained by the grantor, not only what was granted."). Therefore, the Assignment and the Drop-Out Agreement show that the Assignment was intended to grant Defendant all substantial rights to the '441 Patent, and Defendant is an assignee.

> 2. *The doctrine of assignee estoppel bars Defendant from attempting to avoid paying royalties by challenging the validity of the '441 Patent.*

"Assignee estoppel is an equitable doctrine which, under appropriate circumstances, bars the assignee of a patent from contesting the validity of the assigned patent." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 113 F. App'x 930, 933 (Fed. Cir. 2004).[4] Although assignee estoppel is a rarely used doctrine, the Federal Circuit has said that "circumstance may warrant application of the doctrine to prevent an assignee from avoiding royalty payments otherwise due under an assignment contract by challenging the validity of the assigned patent." *Id.* (citing *Baladevon, Inc. v. Abbott Labs., Inc.,* 871 F.Supp. 89, 96 (D.Mass. 1994); *Sybron Transition Corp. v. Nixon,* 770 F.Supp.

---

[4] As an unpublished opinion, *Slip Track Systems, Inc.* is not binding; however, lacking other binding case law on the issue of assignee estoppel, the Court considers it instructive.

9

803, 811–12 (W.D.N.Y. 1991)).  District courts have continued to recognize assignee estoppel

even after the Supreme Court abolished the doctrine of licensee estoppel in *Lear v. Adkins*, 395

U.S. 653 (1969), because "the policy consideration[s] which permit a licensee to attack the validity

of a patent are absent in the assignment context."  *Sybron*, 770 F.Supp. at 811.  *See e.g. Baladevon*,

871 F. Supp. 89; *Roberts v. Sears Roebuck & Co.,* 573 F.2d 976 (7th Cir. 1978); *Coast Metals,*

*Inc. v. Cape*, No. 78-276, 1979 WL 25083 (D.N.J. Dec. 24, 1979).

Additionally, the United States Supreme Court recently upheld the doctrine of *assignor*

estoppel on reasons applicable to *assignee* estoppel.  In *Minerva Surgical, Inc. v. Hologic, Inc.*,

the Supreme Court condoned the use of assignor estoppel "when its underlying principle of fair

dealing comes into play."  594 U.S. 559, 576 (2021).  It explained:

> Assignor estoppel, like many estoppel rules, reflects a demand for consistency in dealing with others. . . . When a person sells his patent rights, he makes an (at least) implicit representation to the buyer that the patent at issue is valid . . . In later raising an invalidity defense, the assignor disavows that implied warranty. . . . By saying one thing and then saying another, the assignor wants to profit doubly—by gaining both the price of assigning the patent and the continued right to use the invention it covers. That course of conduct by the assignor strikes us, as it has struck courts for many a year, as unfair dealing—enough to outweigh any loss to the public from leaving an invalidity defense to someone other than the assignor.

*Id.* at 575.  The Supreme Court further noted that:

> [T]his implicit representation [of a patent's validity] is particularly appropriate given the patent law's demand for honesty from patent applicants. In applying for a patent, the inventor must ordinarily submit an oath—a statement attesting that he is "the original inventor" of the "claimed invention." § 115(b)(2) . . . And the inventor must comply with "a duty of candor and good faith" in the patent process, including "a duty to disclose" to the PTO all information he knows "to be material to patentability." 37 CFR § 1.56(a) (2020); *see* § 1.63(c). An inventor presenting an application to the PTO thus states his good-faith belief that his claims are patentable—that they will result in a valid patent.

*Id.* at 575 n.3.

10

41

Although Defendant here is an assignee rather than assignor, the Supreme Court's reasons for upholding the doctrine of assignor estoppel are applicable to Defendant. Defendant's conduct in this case appears to the Court to be the exact brand of potential unfair dealing that the Supreme Court sought to discourage in *Minerva*, especially because Defendant was responsible for drafting and filing the application for the patent it now seeks to invalidate (D. 5 at 25 ¶ 37). According to the Drop-Out Agreement, Defendant was contractually obligated to apply for "such patent application(s) as, in its sole discretion, shall be deemed reasonably necessary to protect the Parties rights in the Drop-Out" (D. 5 at 39 ¶ 112). As such, in filing for the '441 Patent, Defendant made a representation to Plaintiff that the patent it drafted was reasonably necessary to protect Plaintiff's rights in the Drop-Out. Because Defendant filed for the Patent, not Plaintiff, Defendant implied a good faith belief that the claims were patentable. *See Minerva* at 575 n.3. Now, arguing that the '441 Patent is invalid, Defendant disavows that the Patent protected Plaintiff's rights at all and attempts to "profit doubly"—it benefitted from sublicensing the Patent for 15 years and now argues it is invalid to get out of paying royalties. *See id.* at 575. Defendant's right to sublicense under the Drop-Out Agreement prevents Plaintiff from directly suing for infringement any third parties who obtained sublicenses through Defendant. Therefore, outside of collecting royalty payments on Defendant's sublicenses, Plaintiff does not have the ability to enforce its patent rights over sublicensees. Without the royalty payments, Plaintiff receives nothing in return for the assignment and use of its patent rights. For these reasons, the equities weigh in favor of estopping Defendant

11

from challenging the validity of the '441 Patent.[5]  Accordingly, the Court dismisses Defendant's counterclaim for failure to state a claim upon which relief can be granted.

### C.  The Remaining Claims

Having disposed of Defendant's federal law counterclaim, the only remaining claims and counterclaims – breach of contract; breach of implied duty of good faith and fair dealing; accounting; unjust enrichment; and contract validity – are brought under state law, which implicates this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), when all the "federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).  Accordingly, the Court grants Plaintiff's Motion to Dismiss and dismisses all of the parties' remaining claims without prejudice for lack of subject-matter jurisdiction.

### IV.  CONCLUSION

Accordingly, Plaintiffs Motion to Remand is GRANTED in part, and Plaintiff's Motion to Dismiss is GRANTED in part and DENIED in part.  It is FURTHER ORDERED that:

1.  Gate's First Counterclaim is DISMISSED and

2.  The Clerk of Court shall REMAND this case to the District Court, City and County of Denver, Colorado.

---

[5] This Court recognizes that while the doctrine of assignor estoppel may be rarely applied at the motion to dismiss stage due to the necessity of weighing proof of inequitable conduct, the doctrine has been recognized for possible use in this context. *See e.g.*, *Warming Trends, LLC v. Stone*, No. 19-CV-03027-PAB-STV, 2021 WL 9937922, at *11-12 (D. Colo. Mar. 31, 2021) (Finding privity but not applying the doctrine of assignor estoppel to an unenforceability counterclaim in the R. 12 context and discussing the need for proof by clear and convincing evidence.).  Under these circumstances, application of the doctrine in a Rule 12 context is appropriate and the proof is sufficient by at least the clear and convincing standard.

DATED September 11, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

13